■ In the Matter of the Estate of WILLIAM KAST, Deceased. GEORGE A. FIDLER et al., as Executors of WILLIAM KAST, Deceased, Appellants; ROBERT BLANKEN et al., Respondents.—Intermediate decree, Surrogate's Court, Bronx County, entered on October 31, 1977, unanimously affirmed on the opinion of Gelfand, S., without costs and without disbursements. No opinion. Concur—Kupferman, J. P., Birns, Fein, Lane and Sandler, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v GEORGE FARMAKIS, Defendant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL S. WASHOR, Appellant, v LEONARD WOLFSON, as Warden, Respondent.—Judgment (denominated an order) of the Supreme Court, New York County, entered October 17, 1978, dismissing the petition for a writ of habeas corpus brought on behalf of George Farmakis by his counsel Michael S. Washor claiming that Farmakis was being held improperly without bail pending trial, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the matter remanded for further proceedings. A body was found in the hotel room of the petitioner. The victim had died from asphyxia caused by manual strangulation. The petitioner called the matter to the attention of the hotel clerk and immediately left for California where his family was residing. On a fugitive warrant bail of $50,000 was set in California, but it seems that the petitioner was not able to raise that amount. During the course of the extradition proceeding, he consented to being returned to New York. At the arraignment, bail was denied. Following a return by the Grand Jury of an indictment charging petitioner with murder in the second degree, at a new arraignment, after lengthy argument on the question of bail, it was denied, and we heard this appeal forthwith. At the bail hearing on the writ of habeas corpus in the Supreme Court Criminal Term, it was contended by the District Attorney that there was great likelihood of flight because the petitioner held several passports, traveled a great deal around the world, and had been less than candid as to various aspects of his background and with respect to the situation leading to the indictment. There was no abuse of discretion in the denial of bail. (See, in general, *Bellamy v Judges & Justices,* 41 AD2d 196, affd without opn 32 NY2d 886.) There was sufficient evidence of bizarre circumstances and the possibility of flight. However, on the oral argument before us, counsel, who is also the relator on behalf of his client, indicated that some of the information with regard to the petitioner might have been in error, and that there have been more recent developments and data that could possibly establish a basis for the fixing of bail. It is for that reason that we remand for further proceedings on the question, forthwith. Concur—Kupferman, J. P., Silverman, Fein, Yesawich and Sandler, JJ.